UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPEO, INC.,

      Plaintiff,

Case No. 15-13673

Honorable John Corbett O'Meara

v.

LIGHT METAL ADVANCED TECHNOLOGIES,
CO., L.T.D.,

      Defendant.
                                               /

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MARCH 24, 2016 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendant Light Metal Advanced Technologies' March 24, 2016 motion for summary judgment pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, or in the alternative, pursuant to Rule 56. Plaintiff OPEO filed a response April 14, 2016; and Defendant filed a reply April 28, 2016. Oral argument was heard May 19, 2016.

**BACKGROUND FACTS**

Plaintiff OPEO, Inc. is a Michigan corporation, claiming it was incorporated February 3, 2014, and formerly known as KCCM, Inc. KCCM was a Michigan corporation, having been formed October 6, 2015, and dissolved May 20, 2015. KCCM's Certificate of Dissolution, filed with the State of Michigan, represents that KCCM was dissolved prior to the commencement of business, having "not commenced business or affairs, has issued no shares, has no members entitled to vote on dissolution, and has no debts or other liabilities." KCCM, however, was the signatory to the Confidentiality Agreement ("CDA") that forms the basis of plaintiff OPEO's claims. Non-parties

to this suit are KCCM and OPEO's counterparts, both of which are companies incorporated in Korea.

Defendant Light Metal Advanced Technologies Company ("LMAT") is a South Korean corporation with no permanent presence in the United States. It sells auto parts used in automobiles and automobile assemblies that are manufactured and sold in the United States.

OPEO filed suit against LMAT in this court, asserting diversity of citizenship. In its three-count complaint, OPEO alleges breach of contract in Count I, business defamation in Count II, and tortious interference with business relationship or expectancy in Count III.

In its breach of contract claim, OPEO, again asserting that is the successor to the CDA signed by KCCM, alleges that LMAT breached the contract by soliciting OPEO's customers directly and bypassing OPEO in the process. Compl. at ¶ 24. Plaintiff further alleges that in violation of the CDA Defendant "made at least one attempt . . . to solicit a key employee of OPEO . . . ." Id. at ¶ 25. Count II alleges that Defendant, through its sales manager, made false and malicious statements about OPEO to other Korean businesses in Michigan and in Korea. Id. at ¶¶ 28 and 29. Finally, OPEO alleges in Count III that LMAT interfered with Plaintiff's business relationships by deliberately causing disruption in supplying parts to OPEO, resulting in OPEO "not becoming a supplier with other prospective new customers." Id. at ¶ 37. Defendant LMAT has moved for summary judgment.

## LAW AND ANALYSIS

Despite plaintiff OPEO's assertion in its complaint that it was "formerly known as KCCM," OPEO's corporate filings with the State of Michigan fail to indicate any reference that the two are related entities. In fact, OPEO was incorporated for 14 months while KCCM remained an ongoing

business entity. Furthermore, to effect a corporate name change under Michigan law, it is required that an entity's articles of incorporation be amended to indicate the change pursuant to Mich. Comp. Laws Ann. § 450.1602(a). The amendment must be filed and endorsed with the Michigan Department of Licensing and Regulatory Affairs ("LARA"). A review of KCCM's corporate filings shows no amended articles were filed. Def.'s Ex. 2.

Also, there is no evidence to support a merger between KCCM and OPEO. Michigan law details certain requirements for two companies to perform prior to and subsequent to a merger. Mich. Comp. Laws Ann. §§ 450.1701 *et seq.* A merger must be filed and an endorsement obtained from LARA. OPEO's filings indicate no merger endorsement. Def.'s Ex. 3.

Plaintiff OPEO argues that the owners of KCCM and OPEO are identical; however, that does not create a predecessor-successor relationship between the corporations. A corporation, by virtue of being a stockholder in another corporation, is not liable for the acts of the other. See Foodland Dist. v. Al-Naimi, 220 Mich. App. 453, 456 (1996). Moreover, the United States Supreme Court has held that "directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." United States v. Bestfoods, Inc., 524 U.S. 51, 69 (1998). Therefore, plaintiff OPEO is not a party to the CDA entered into between KCCM and defendant LMAT; and LMAT is entitled to summary judgment on Count I of the complaint.

Count II alleges that Defendant, through its sales manager, made false and malicious statements about OPEO to other Korean businesses in Michigan and in Korea. Id. at ¶¶ 28 and 29. At this point in the litigation, no discovery has been taken. Therefore, genuine issues of material fact exist to preclude Defendant's motion for summary judgment on Count II.

OPEO alleges in Count III that LMAT interfered with Plaintiff's business relationships by deliberately causing disruption in supplying parts to OPEO, resulting in OPEO "not becoming a supplier with other prospective new customers." Id. at ¶ 37. OPEO's allegations are based on what Plaintiff contends are purchase agreements entered into between Plaintiff and LMAT. However, the purchase agreements referenced in Plaintiff's Exhibit F are all between LMAT and OPEO Korea, not Plaintiff, the OPEO Michigan entity to which parts were shipped. Therefore, this plaintiff is not party to those purchase agreements; and defendant LMAT is entitled to summary judgment on Count III.

## ORDER

It is hereby **ORDERED** that defendant LMAT's March 24, 2016 motion for summary judgment is **GRANTED** as to Counts I and III and **DENIED** as to Count II.

> s/John Corbett O'Meara
> United States District Judge

Date: May 24, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 24, 2016, using the ECF system.

> s/William Barkholz
> Case Manager